**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date: April 24, 2013

Deputy Clerk: Kathleen Finney
Court Reporter: Tracy Weir
Probation Officer Ryan Henry

**Criminal Action No. 12-cr-00024-REB**

<u>*Parties*</u>:                                                <u>*Counsel:*</u>

UNITED STATES OF AMERICA,            David Conner

    Plaintiff,

v.

1. ANTHONY KELLER,                            Matthew Golla

    Defendant.

**SENTENCING MINUTES**

**9:08 a.m.     Court in session.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence(s).

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment(s) of conviction, sentence(s), and orders.

    **IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

   - the **Objections to Presentence Report** [#36] filed April 10, 2013 is **OVERRULED**;

   - the **Defendant's Sentencing Memorandum, Motion for Downward Departure, and Request for Downward Variance** [#37] filed April 10, 2013 is **DENIED**;

   - the **Government's Motion Regarding Acceptance of Responsibility** [#40] filed April 15, 2013 is **GRANTED**;

   - the **Government's Motion Pursuant to §5K1.1 of the Sentencing Guidelines** [#43] filed April 15, 2013 is **GRANTED**;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count(s) 1 of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **twenty-seven (27) months**; to be served concurrently with any previously imposed sentence

       in federal or state court, and to be served concurrently with any sentence to be imposed in state court, including but not limited to, the sentence anticipated in the criminal proceedings pending before the district court of Arapahoe County, Colorado; provided furthermore, that the Colorado Department of Corrections is designated, insofar as practicable, as the place of service of the sentence imposed in this federal case;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm, destructive device, or dangerous weapon as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

- that at defendant's expense, the defendant shall, unless then indigent, undergo an alcohol substance abuse evaluation and a mental health evaluation and, thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

- that the defendant shall not join or associate with any gang or gang member or participate in gang activity or facilitate any such gang activity;

- that the defendant shall submit his person, property, house, residence, papers, or office to a search conducted by a United States probation officer. Failure to submit to such a search may be grounds for revocation of supervised release;

- that the defendant shall warn any other occupants that those premises may be subject to periodic searches pursuant to his condition.  A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervised release and that the areas to be searched contain evidence related to that putative violation.  Any such search must be conducted at a reasonable time and in a reasonable manner;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of **$100.00**;

9. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

10. That an order and judgment of forfeiture shall be entered pursuant to the plea agreement of the parties and the admission of the defendant of the

        forfeiture allegation of the Indictment and under the authority of Fed. R. Crim. P. 32.2(b)(3) and the statutory provisions of 21 U.S.C. § 853(c);

11. That the presentence confinement ultimately shall be determined by the Bureau of Prisons; and

12. That the defendant is remanded to the custody of the United States Marshal who shall return him to state authorities for further prosecution.

Parties state they have no objections to the sentence imposed.

The defendant is advised of the right to appeal the sentence(s) imposed by the court.

**10:08        Court in recess.**

Total time in court:   01:00.

Hearing concluded.